People v Martinez (2024 NY Slip Op 04469)

People v Martinez

2024 NY Slip Op 04469

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-04231
 (Ind. No. 505/18)

[*1]The People of the State of New York, respondent,
v
Marco Martinez, appellant.

David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.
Immigrant Defense Project, New York, NY (Andrew Wachtenheim, Nabilah Siddiquee, Amelia Marritz, and Ryan Muennich of counsel), amicus curiae pro se and for amici curiae National Association of Criminal Defense Lawyers, New York State Defenders Association, New York State Office of Indigent Legal Services Regional Immigration Assistance Center 1-Western New York, New York State Office of Indigent Legal Services Regional Immigration Assistance Center 2-Central New York, New York State Office of Indigent Legal Services Regional Immigration Assistance Center 3-Northern New York, New York State Office of Indigent Legal Services Regional Immigration Assistance Center 4-Hudson Valley, New York State Office of Indigent Legal Services Regional Immigration Assistance Center 5-New York City, New York County Defender Services, the Legal Aid Society, and Brooklyn Defender Services.
Law Office of Thomas R. Villecco, P.C., Jericho, NY, for appellant.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the County Court, Orange County (Craig Stephen Brown, J.), dated April 4, 2023, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered April 8, 2019, convicting him of aggravated operating a motor vehicle while under the influence of alcohol, upon his plea of guilty, and imposing sentence.
Motion by the respondent to dismiss the appeal on the ground that the appellant has been deported and is no longer available to obey the mandate of the Court. By decision and order on motion of this Court dated December 20, 2023, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion to dismiss the appeal is granted; and it is further,
ORDERED that the appeal is dismissed, without prejudice to a motion to reinstate the appeal should the defendant return to this Court's jurisdiction.
In December 2022, the defendant, who had been convicted, upon his plea of guilty, of aggravated operating a motor vehicle while under the influence of alcohol, moved pursuant to [*2]CPL 440.10 to vacate a judgment rendered April 8, 2019. In support of his motion, the defendant contended that he was deprived of the effective assistance of counsel insofar as defense counsel misadvised him or failed to advise him about the clear immigration consequences of his plea and sentence and failed to negotiate to avoid the clear immigration consequences of his plea and sentence. The People opposed the motion.
By order dated April 4, 2023, the County Court, without a hearing, denied the defendant's motion on the ground that he failed to establish that he had been deprived of the effective assistance of counsel. The court noted that the plea minutes reflected that the defendant had averred that he understood that his plea "may well have immigration consequences" and that "even if [he was] going to be deported solely because of this case, that [would] not be a basis for [him] to withdraw [his] guilty plea."
On May 26, 2023, a Justice of this Court granted the defendant leave to appeal from the April 4, 2023 order denying his motion. After the defendant filed his appellant's brief, the People moved to dismiss the appeal on the ground that the defendant was no longer available to obey the mandate of the Court, as he had been deported from the United States to Mexico as of November 3, 2023.
This Court, in the exercise of its discretion, may dismiss a pending permissive appeal due to a defendant's involuntary deportation (see People v Harrison, 27 NY3d 281, 288-291; People v Gonzalez, 208 AD3d 1137; People v Lopez, 193 AD3d 1077). If this Court were to reverse the April 4, 2023 order, the defendant would be required to attend and participate in further proceedings in the County Court, which he can no longer do. In light of this and all the circumstances present here, we exercise our discretion to grant the People's motion and dismiss the appeal, without prejudice to a motion to reinstate the appeal should the defendant return to this Court's jurisdiction (see People v Harrison, 27 NY3d at 288-290; People v Winter, 159 AD3d 929, 930).
DUFFY, J.P., MILLER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court